1806.

## Belden *v.* Edwards.

### In the Court below,

JONATHAN W. EDWARDS, and ELISHA COLT, assignees of *Samuel Marsh*, a bankrupt, *Plaintiffs ;* SIMEON BELDEN, and JAMES L. BELDEN, *Defendants.*

In a declaration of bankruptcy, by the commissioners, under the late bankrupt law of the U. States, a general finding, that the person named in the commission became bankrupt, before the date and issuing thereof, within the true intent and meaning of the statute, without stating that he became bankrupt within six months previous to the date of the petition on which the commission issued, and without specifying any

T HIS was an action of trover, to which the general issue was pleaded.

On the trial, the plaintiffs offered to read in evidence to the jury, the commission of bankruptcy, the assignment of the effects of the bankrupt, and the declaration of bankruptcy made by the commissioners. The two former were read without objection. The latter was then produced, the substantive part of which was as follows : " We, the commis- " sioners, &c. do find, that said *Samuel Marsh* became a bank- " rupt within the true intent and meaning of an act of Con- " gress, entitled " *An act to establish an uniform system of* " *bankruptcy throughout the United States,*" before the date " and issuing forth of the said commission ; and we do, " therefore, declare and adjudge him bankrupt accordingly." To the admission of this declaration in evidence, the defendants objected, first, because it was not stated therein, that *Marsh* became a bankrupt within six months antecedent to the date of the petition, on which the commission was founded ; and, secondly, because there were no specific acts of bankruptcy mentioned in the declaration, on which a commission could issue. The Court over-ruled the objection, and allowed the declaration of bankruptcy to be read in evidence. The plaintiffs then offered to prove, by parol,

particular act of bankruptcy committed, is sufficient to entitle the assignees to read such declaration in evidence, on an issue between them and a stranger.

On such issue, the specific act of bankruptcy, and the day on which it was committed, may be proved by parol.

an act of bankruptcy committed by *Marsh*, on a particular day, within six months before the issuing of the commission. To the admission of this evidence the defendants objected, alleging that no other evidence could be admitted, as to the commission of any act of bankruptcy, than what was contained in the proceedings of the District Judge, and the commissioners. The Court over-ruled this objection also, and admitted the evidence offered. The defendants filed a bill of exceptions, on which the case was brought before this Court.

*Daggett*, and *Smith*, (of Woodbury,) for the plaintiffs in error.

1. Was the declaration of bankruptcy properly admitted ?

In the first place, it was irrelevant. There is nothing apparent upon the declaration, by which it appears, that such testimony could bear upon the case. The commission and assignment are, by the law on which this action was founded, made conclusive proof of the right of the assignees to prosecute. The declaration of bankruptcy was not, therefore, necessary. Nor does any thing appear on the bill of exceptions, by which such proof was rendered necessary.— It being irrelevant, it should have been rejected.

It is said, indeed, that it might have been important, by facts which transpired at the trial.—Then, such facts should have appeared on the bill of exceptions.

Secondly, this proof was inadmissible, because no time was specified therein, when the act of bankruptcy was committed, nor what the act was, on which the commission issued. The commissioners are made the judges of every question, which arises on this subject. Their doings, as was decided in *Barstow* v. *Adams*, (a) are conclusive, unless reversed by the District Judge and a jury, as the Act pro-

(a) *Ante*, 70.

*1806.*

BELDEN
*v.*
EDWARDS.

vides. Now, these their proceedings being thus conclusive, they should speak with precision ;—they, like records of courts, must contain absolute verity. If the proceedings of the commissioners were open to investigation in the courts of common law, as is the case in England, then the declaration of bankruptcy might find generally the act to have been committed, as is their practice ; but since this Court has directed, that no such investigation shall be had, the declaration should be particular.

2. The second question is, whether the parol evidence offered to prove certain particular acts of bankruptcy, was admissible ?

The act for establishing an uniform system of bankruptcy in the United States, renders void certain acts of the bankrupt, after the commission of the act of bankruptcy *on which the commission issued.* It is difficult to see the relevancy of this proof, unless to invalidate some act of the bankrupt.— But what act of bankruptcy can be inquired after ? Surely such an one as the statute regards as operative upon the bankrupt's contracts. How, then, could the Superior Court admit witnesses to swear to any act of bankruptcy, except that on which the commission issued, since that alone renders the contracts void.

Again, are the doings of these commissioners to be rendered certain and operative only by the aid of parol proof ? We have seen, that in *Barstow* v. *Adams*, this Court declared, that their decisions were conclusive on all points by them professed to be decided.—Yet here we find, that a declaration of bankruptcy is entirely inoperative, without the parol testimony in question !

*N. Terry*, and *Edwards*, for the defendants in error.

1. Did the Court below err, in admitting the declaration of bankruptcy by the commissioners, to be read in evidence to the jury ?

It is said, that the declaration of bankruptcy is wholly irrelevant, because, by the 56th section of the Bankrupt Law, it is declared, that in all cases, where the assignees shall prosecute any debtor of the bankrupt, the commission, and the assignment, shall be conclusive evidence of the issuing of the commission, and of the person named therein being a trader, and bankrupt, at the time mentioned therein. To this it is replied, that this objection to admitting the declaration of bankruptcy to be read in evidence was not taken in the Court below ; of course, this objection was not overruled ; and if the objection could have been well-founded, as it was not made and over-ruled, it furnishes no reason for the correction of this Court. It is, however, by no means admitted, that the evidence is irrelevant. The argument, if admitted to have all the weight it claims, proves only, that it was not necessary, in order to support the claim of the plaintiffs below, that this evidence should have been produced ; but the term *unnecessary* is by no means synonymous with the term *irrelevant*. If the plaintiffs had proved any particular fact, material to their cause, by the testimony of three credible witnesses, it would have been unnecessary to produce another witness to the same fact ; but the testimony of such witnesses would by no means be irrelevant.

In the next place, it is said, that this evidence was inadmissible, because no time is therein specified, when the act of bankruptcy was committed, nor what the act was, upon which the commission issued.—The practice in England, under their statutes relating to bankruptcy, is, for the commissioner to find generally, that the person named in the commission had committed an act of bankruptcy before the issuing of the commission ; and it is conceived, that the practice under our statute should be similar to the practice in England, unless there is something in our statute which requires a different construction. If our statute is similar to the English statutes, it ought to receive the same construction. In the 3d section of the statute, it is made the duty of the commissioners, upon the examination, and sufficient

I i

1806.

BELDEN
v.
EDWARDS.

proof, to declare the person named in the commission to be a bankrupt. It is, then, the duty of the commissioners to declare the party to be a bankrupt; but it is no where made their duty to declare, that he had committed any particular act of bankruptcy. It is the policy of the law to provide an equal distribution of the bankrupt's effects among his creditors; and this object is best attained, by seizing his effects, on the very instant of the first act of bankruptcy committed, (provided it be within six months of the preferring of the petition to the District Judge by the creditors,) before the bankrupt shall have opportunity to make undue preferences in the disposal of his property among his creditors. It would be inconsistent, then, for the commissioners, by finding a specific act of bankruptcy, to preclude the creditors from proving, that an earlier act of bankruptcy had been comitted, and thus procure the equal distribution of a greater share of the bankrupt's estate. The proceedings before the commissioners are altogether *ex parte* ; and it would be unreasonable in the extreme to insist, that on such an examination they should find a particular fact, which should so materially affect the rights of others, unless it were an indispensible part of their duty.—If, as it is said, the decision of the commissioners is conclusive against all persons, until it is reversed by the District Judge, and a jury summoned by him, this furnishes the strongest reason why they, in the declaration of bankruptcy, should not go one step out of their way, on an *ex parte* hearing, to make a decision which should so conclusively affect the rights of the bankrupt, the creditors, and all others who might claim under conveyances made by the bankrupt.

It is said, that *the commissioners*, in declaring the person named in the commission to be a bankrupt, ought also to find what was the particular act, on which the commission issued. The issuing of the commission is at the discretion of the District Judge. He alone knows what the act of bankruptcy is, upon which he issues the commission. The commissioners may conjecture, but they certainly

cannot know, what specific act it was, upon which he thought proper to issue his commission, unless it appears on the commission itself. If it were necessary, that this should appear on the commission, it would furnish ground of objection against the commission, as evidence that it does not appear thereon, that any specific act was committed upon which the commission issued. The objection, however, on the trial, was not made against reading the commission in evidence, where, if any where, it would have been properly made ; but it was made against reading the declaration of the commissioners, where it is certainly misplaced.

It is also objected, that the commissioners have not, in their declaration, found, that the act of bankruptcy was committed within six months before the date of the petition.— But the declaration of bankruptcy does find, that *Samuel Marsh*, before the issuing of the commission, became a bankrupt within the true intent and meaning of the statute. No person, for any act committed, was liable to a commission of bankruptcy, unless the commission were issued upon a petition preferred within six months after such act committed. If not liable to a commission of bankruptcy, such person could not be a bankrupt within the meaning of the statute. When, therefore, it is found, that *Samuel Marsh* became bankrupt within the meaning of the statute, it is found, that he became bankrupt within six months before the date of the petition.

2. As to the second question, whether the court below erred in admitting parol evidence to prove certain particular acts of bankruptcy, it would seem, that the determination of this question necessarily depends on a determination of the former. If it is not necessary, that the commissioners, in their declaration, should state the specific act of bankruptcy, on which the commission issued ; it is a fact which must be proved, like all other facts, by testimony. This proof is relevant, and is necessary, particularly for the purpose of invalidating these conveyances of the bankrupt, which took

1806.

BELDEN
*v.*
EDWARDS.

1806.

BELDEN
*v.*
EDWARDS.

place after the commission of the act of bankruptcy on which the commission issued. If it is not shewn when that act was committed, it is impossible to shew what conveyances were made subsequent, and what prior, thereto. It is not contended, that witnesses could testify to any other act of bankruptcy than that on which the commission issued ; but as that act is not specifically pointed out in the commission, or the declaration of the commissioners, the earliest act within six months of the date of the petition may be, and it is presumed is, that, upon which the commission issued.

BY THE COURT, HILLHOUSE, AUSTIN, and GRISWOLD, *Assts.* dissenting,

The judgment was affirmed.

## Young *v.* Kenyon.

In the Court below,

PHILIP KENYON, *Plaintiff ;* WILLIAM YOUNG, *Defendant.*

THIS was an action of *assumpsit.*

The declaration contained three counts.

The first stated, " That the defendant received of the " plaintiff the sum of two hundred dollars, upon a pretend- " ed sale, by the defendant to the plaintiff, of certain lands " in a pretended town of *Young,* in the Connecticut first " Delaware Purchase, by the defendant so called, and of " which lands the defendant executed an instrument, pur-

Where the record of a judgment is of a term generally, and it becomes material to the rights of the parties to ascertain the particular day on which it was rendered, it may be shewn by evidence *aliunde.*

Whether an action of *assumpsit* will lie to recover back the purchase money of real estate, where such money was obtained by false and fraudulent representations as to *title ?*—Whether such representations constitute a sufficient consideration to support an express promise ?—Whether after verdict a consideration will be presumed sufficient to support the promise found ?